### KEENEY et al. v. BORDERLAND COAL CORPORATION et al.

(Circuit Court of Appeals, Fourth Circuit. June 8, 1922.)

No. 1996.

Injunction ⬅️157—Restraining order, as against striking employés.

    Form of restraining order, against striking employés, determined.

Appeal from the District Court of the United States for the Southern District of West Virginia, at Charleston.

Suit by the Borderland Coal Corporation and others against C. F. Keeney and others. From an order granting plaintiffs injunctive relief against defendants, they appeal. Order modified and remanded, with directions.

This cause came on to be heard on the original record from the District Court of the United States for the Southern District of West Virginia, and was argued by counsel.

And it appearing to the court that the questions at issue in this case, both of fact and law, are of such character and importance that they cannot properly be determined on these appeals from orders granting temporary injunctions, but should await a trial on the merits; and

It further appearing that pending such trial plaintiffs should have

the injunctive relief herein ordered, which is deemed sufficient for the protection meanwhile of their property rights and interests:

On consideration whereof, it is now here ordered, adjudged, and decreed by this court that the injunction orders of the said District Court appealed from in this cause be and they are hereby modified, so that the same will read as follows:

1. That the said defendants and each of them be restrained from interfering with the employees of the plaintiffs, or with men seeking employment at their mines, by menaces, threats, violence, or injury to them, their persons, families, or property, or abusing them, or their families, or by doing them violence in any way or manner whatsoever, or by doing any other act or thing that would interfere with the right of such employees and those seeking employment to work upon such terms as to them seem proper, unmolested, and from in any manner injuring or destroying the properties of the plaintiffs, or either of them, or from counseling or advising that these plaintiffs should in any way or manner be injured in the conduct and management of their business and in the enjoyment of their properties and property rights.

2. That the said defendants and each of them be enjoined from trespassing upon the properties of the plaintiffs or either of them, or by themselves or in co-operation with others from inciting, inducing, or persuading the employees of the plaintiffs to break their contract of employment with the plaintiffs.

3. That the said defendants and each of them be enjoined from aiding or assisting any other person or persons to commit or attempt to commit any of the acts herein enjoined.

It is further ordered that each side pay their own costs in this court.

This order is made with reference to what are understood to be the present conditions, but the court below, nevertheless, will be free to deal with such new conditions as may hereafter arise.

Ordered further, that the cause be remanded to the District Court of the United States for the Southern District of West Virginia, at Charleston, for further proceedings in accordance with this order.

It is further ordered that the mandate of this court in this cause, with a copy of this order attached, be issued and transmitted to the District Court of the United States for the Southern District of West Virginia, at Charleston, forthwith.

MARTIN A. KNAPP, Senior Circuit Judge.
C. A. WOODS, U. S. Circuit Judge.
EDMUND WADDILL, Jr., U. S. Circuit Judge.